# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00434-CV

Janet Carroll, Appellant

v.

Maro Ohanian, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-11-001844, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Janet Carroll appeals the trial court's order granting Maro Ohanian's motion to dismiss Carroll's medical-negligence suit against her pursuant to section 101.106(f) of the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (West 2011). We will affirm.

## DISCUSSION

Carroll filed the underlying suit seeking damages for injuries she sustained during a hospital stay.[1] In her first amended petition, Carroll asserted medical-negligence claims against six physicians, including Ohanian. Ohanian moved to dismiss the suit against her pursuant to Texas Civil Practice and Remedies Code section 101.106(f), which provides:

---

[1] The events giving rise to Carroll's claims have been set forth in two previous opinions of this Court and need not be repeated. *See Carroll v. Donau*, No. 03-09-00293-CV, 2010 WL 2977462 (Tex. App.—Austin July 29, 2010, pet. denied) (mem. op.); *Hayes v. Carroll*, 314 S.W.3d 494 (Tex. App.—Austin 2010, no pet.).

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and *if it could have been brought under this chapter against the governmental unit*, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* (emphasis added). The trial court granted the motion to dismiss and severed the claims against Ohanian.

On appeal Carroll does not dispute that Ohanian, an employee of the University of Texas Medical Branch at Galveston who was practicing medicine at Brackenridge Hospital, was an employee of a governmental unit. Nor does she dispute that the conduct complained of was "within the general scope of [Ohanian's] employment." Rather, Carroll contends that the trial court erred in granting the motion because Ohanian failed to establish that Carroll's suit "could have been brought under" the Texas Tort Claims Act against Ohanian's employer—a requirement for obtaining dismissal pursuant to section 101.106(f). *See id.* Carroll argues that her medical-negligence claim does not fall within the scope of the Tort Claims Act's limited waiver of immunity because her injury was not "caused by a condition or use of tangible personal . . . property." *See id.* § 101.021(2) (West 2011). Accordingly, she contends that her suit is not one that "could have been brought under this chapter against the governmental unit."[2] Thus, the dispositive issue in this appeal is whether,

---

[2] The Texas Tort Claims Act generally waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from "a condition or use of tangible personal or real property." Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011).

for purposes of section 101.106(f), a suit for which the Texas Tort Claims Act does not waive immunity is one that "could have been brought" under the Act against the governmental unit.[3] The Texas Supreme Court has answered this specific question in the affirmative. In *Franka v. Velasquez*, 332 S.W.3d 367, 385 (Tex. 2011), the supreme court held that "for section 101.106(f), suit 'could have been brought' under the Act against the government regardless of whether the Act waives immunity from suit." While the supreme court acknowledged that its construction of section 101.106(f) "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of employment," it concluded that such construction was compelled by the statute's text and the court's own precedent. *Id.* at 381-82. The supreme court's decision in *Franka* is dispositive of this appeal and requires that we affirm the trial court's order granting Ohanian's motion to dismiss. We therefore overrule Carroll's appellate issue.

## CONCLUSION

Having overruled Carroll's issue, we affirm the trial court's order of dismissal.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:  June 27, 2012

_____

[3] We assume without deciding that the Tort Claims Act would not waive immunity for a suit by Carroll against Ohanian's governmental employer.